## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **WESLEY E. BAKER, II,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00379 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ANN, MENTAL HEALTH** | ) | JUDGE JAMES P. JONES |
| **COUNSLOR, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Wesley E. Baker, II, Pro Se Plaintiff.*

The plaintiff, Wesley E. Baker, II, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging mistreatment related to his attempted suicide in jail.  Because his Amended Complaint fails to state a claim upon which relief can be granted, I will summarily dismiss the action.

In June 2021, the court received two § 1983 complaints from Baker, with nearly identical lists of defendants and allegations.  They were docketed as two separate civil actions, this case and 7:21CV00386.  In light of the duplication of claims, the magistrate judge ordered that the two actions be consolidated for consideration under this case number and administratively closed the other case.  The magistrate judge also directed Baker to "file a unified, consolidated Amended Complaint in 7:21cv379, which sets out all claims against all defendants."  Order 2,

ECF No. 6.  The Clerk's office mailed Baker a copy of the Order along with an Amended Complaint form designed to provide inmate litigants with procedural information about how to format a § 1983 complaint.  This form advised Baker to state his facts briefly and to "[d]escribe what action(s) each defendant took in violation of [his] federal rights" and to "include the relevant dates and places."  Am. Compl. 2, ECF No. 7.

Baker filed a timely Amended Complaint, stating:

Upon entering jail I had a mental health crisis.  I attempted suicide. Instead of being taken to ER I was assaulted, placed in restraint chair, Put on suicide watch & not given mental health meds for 2 months.  I am currently on Administrative Seg-Protective Custody b/c I fear the C'O's.

. . . .

Upon entering jail I had mental health crisis.  I attempted suicide.  I was assaulted by C'Os.  While on suicide watch I was denied food, showers & toilet paper.  I was punching the walls until my Knuckles bled & I was not taken to ER.  Somehow I was given 2 towels when the jail only issue one.  Which I attempted suicide with.  Injured Rt. Shoulder.

*Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *See*

*Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). To state a viable claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To satisfy this requirement, a plaintiff must state specific facts about what each defendant did, personally, that violated the plaintiff's constitutional rights.

Even after being given an opportunity to amend and specific instructions about describing each defendant's actions, Baker fails to meet this basic requirement. He names several individual jail officials in the heading of his Amended Complaint form, but he does not state facts about what action or actions any one of them took to deprive him of any constitutionally protected right. More specifically, he does not indicate how any one or more of these individuals was personally involved in placing him in a restraint chair, assaulting him, denying him food or showers, failing to provide medication, or refusing to take him to a hospital. Thus, the Amended Complaint does not state any claim that any one of the named defendants deprived Baker of any constitutionally protected right. Id. Therefore, I summarily dismiss this action without prejudice pursuant to § 1997e(c)(1). An appropriate order will enter herewith. Dismissal of the action without prejudice

leaves Baker free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this memorandum opinion.

A separate Final Order will be entered herewith.[1]

DATED:   October 27, 2021

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] A court cannot require an attorney to represent an indigent civil plaintiff but may request that an attorney provide pro bono representation to an indigent plaintiff when exceptional circumstances exist. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States*, 490 U.S. 296, 309 (1989). Because Baker's Amended Complaint fails to state a claim upon which relief can be granted, I do not find that exceptional circumstances exist at this time warranting court assistance in seeking counsel to represent him in this case and accordingly I will deny his motion to appoint counsel.